IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE GEORGE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SONOMA COUNTY SHERIFF'S DEPT., et al.,<br><br>    Defendants.<br>_____ / | No. C-08-02675 EDL<br><br>**ORDER SETTING BRIEFING SCHEDULE AND HEARING DATE FOR PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF DISTRICT ATTORNEY STEPHEN PASSALAQUA, ASSISTANT DISTRICT ATTORNEY ROBERT LAFORGE AND DR. R. WARD HAGAR AND FINDING THE REMAINDER OF PLAINTIFFS' MOTION TO COMPEL UNTIMELY** |

On November 13, 2009, Plaintiffs filed a motion to compel further discovery that included a request to shorten time to hear the motion to compel. On November 16, 2009, the County Defendants filed an opposition to Plaintiff's request to shorten time, arguing that there is no good cause for shortened time because Plaintiffs' motion to compel was not timely filed. Following a case management conference on November 17, 2009 at which the parties discussed this issue, the Court ordered the parties to file a joint letter brief no later than December 2, 2009 regarding whether there was good cause to hear Plaintiff's motion to compel on shortened time. On December 2, 2009, the County Defendants and the California Forensic Medical Group Defendants filed their letter brief, and on December 3, 2009, Plaintiffs filed their letter brief. The Court has reviewed the parties' briefs and enters the following order.

In their motion to compel, Plaintiffs seek an order compelling further document production from the County Defendants and the California Forensic Medical Group Defendants, and further depositions of County witnesses. Plaintiffs argue generally that there is good cause for the delay in

bringing this motion to compel because Defendants have voluntarily stipulated to extend the non-expert deposition discovery period and the trial date has been continued. See Nvidia v. United States Bankr. Ct., 2006 U.S. Dist. LEXIS 94417, at *15 (N.D. Cal. 2006) (permitting a party to file a motion to compel after the seven day court deadline because the parties stipulated to extend discovery past the original deadline and because the case had been stayed for nine months); Christiansen v. Provident Life & Accident Ins. Co., 2009 U.S. Dist. LEXIS 51192, at *7 (N.D. Cal. 2009) (permitting discovery beyond the cutoff date even though the party unreasonably delayed in seeking depositions, and noting that the trial date has been moved). These cases, however, did not create a general rule regarding late discovery. The Court retains discretion to consider the issue of good cause in deciding whether to allow a motion to compel to be filed after the deadline in Local Rule 26-2, and in ruling on a motion to shorten time pursuant to Local Rule 6-3(d).

With respect to the motion to compel further document production, the Court notes that Defendants served their discovery responses in June 2009. The written discovery cutoff date was September 30, 2009. This motion was not filed until November 13, 2009, well beyond the ten-day deadline to file motions to compel after the discovery cutoff date. Plaintiffs argue that their delay in filing this motion should be excused because they have been diligently prosecuting this case by participating in fifteen depositions from October through December, and by reviewing thousands of pages of discovery. However, Plaintiffs have made no showing why they did not promptly move to compel after receiving the discovery responses in early June, or at least no later than the cutoff date for filing motions following the September 30, 2009 discovery cutoff date. Accordingly, the Court declines to hear Plaintiff's motion to compel production of documents from the County Defendants and the CFMG Defendants because it is untimely.

Plaintiffs seek an order compelling the deposition of Assistant Sheriff Linda Suvoy.[1] The deadline to complete non-expert depositions was October 30, 2009, except for several individuals that the parties agreed could be deposed after that date. Assistant Sheriff Suvoy was not included on the list of witnesses to be deposed after the October 30, 2009 cutoff date. Plaintiffs did not file their

---

[1] Plaintiffs have decided not to pursue a motion to compel depositions of Defendant Sheriff Bill Cogbill and Captain Randall Walker. See Pls.' Dec. 3, 2009 Letter at 3.

2

motion to compel within the ten-day time period following the discovery cutoff date. In their motion, Plaintiffs state that they need to depose Assistant Sheriff Suvoy about the day-to-day application and administration of the County's jail policies and procedures, and about statements she made to the press about Ryan George's case. However, Plaintiffs do not claim that they only found out about Assistant Sheriff Suvoy recently to justify waiting until November 13, 2009 to file a motion to compel her deposition. Further, Defendants contend that Plaintiffs knew of Assistant Sheriff Suvoy as early as September 2007 when she was first quoted in a newspaper article about Ryan George. Defendants also state that there has been no showing that she has knowledge of jail policies. While Plaintiffs claim that there was an oral agreement by the County Defendants to produce Assistant Sheriff Suvoy for deposition after the cutoff date, Defendants have provided a letter to Plaintiffs from the County Defendants refusing to produce her. See County Defs.' Dec. 2, 2009 Letter Ex. D. Accordingly, the Court declines to hear Plaintiffs' motion to compel the deposition of Assistant Sheriff Suvoy because it is untimely.

Plaintiffs also seek to take the depositions of District Attorney Stephen Passalaqua, Assistant District Attorney Robert LaForge, and Dr. R. Ward Hagar. Plaintiffs argue that there is good cause to hear the motion to compel these depositions because the District Attorney's press release identifying the consulting doctor and the decision not to prosecute in connection with Ryan George's death was first disclosed in a October 23, 2009 press release. Plaintiffs noticed these depositions for late December 2009. Defendants argue that Plaintiffs knew as early as July 10, 2007 that Ryan George's death was going to be investigated by the Marin County Sheriff's department and the District Attorney's office because it was reported in the newspaper. Further, Defendants argue that even if new information came to light in the October 23, 2009 article, Plaintiffs did not tell opposing counsel that they intended to take the depositions or notice the depositions until after the October 30, 2009 cutoff date. According to Defendants, Plaintiffs did not raise the issue of these depositions until November 12, 2009, and did not serve the Hagar subpoena until November 18, 2009. However, Plaintiffs have stated that they obtained new information from the newspaper article only seven days before the October 30, 2009 cutoff date, during a time when many depositions were occurring in this case. Therefore, Plaintiffs have made a sufficient showing of

3

good cause to hear the motion to compel depositions of Dr. Hagar, District Attorney Passalaqua and Assistant District Attorney LaForge.

On December 8, 2009, Defendants filed a motion to quash the deposition notices that Plaintiffs served for these witnesses. Because the motion to quash and the motion to compel are related, the motions will be heard on the same day. Given the related nature of the motions, the briefing on these motions by each side would be largely duplicative. In an effort to reduce the burden on the parties and consolidate the briefs, the Court construes Defendants' Motion to Quash as an opposition to Plaintiffs' Motion to Compel. Plaintiffs shall file a reply to Defendants' opposition no later than December 22, 2009. Defendants may file a surreply no later than December 29, 2009. A hearing is set for January 12, 2010 at 2:00 p.m.

Finally, the Court notes that Plaintiffs failed to comply with Local Rule 6-3 in seeking shortened time. The Court cautions Plaintiffs that future failures to comply with the Local Rules may result in denial of the relief Plaintiffs seek.

**IT IS SO ORDERED.**

Dated: December 11, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge

4