BARRY VOGEL, STATE BAR NO. 108640
LARRY THORNTON, STATE BAR NO. 232265
**LA FOLLETTE, JOHNSON,**
**DE HAAS, FESLER & AMES**
655 University Avenue, Suite 119
Sacramento, California 95825
Phone: (916) 563-3100
Facsimile: (916) 565-3704
E-mail: lthornton@ljdfa.com

Attorneys for Defendants, SUTTER HEALTH and
SUTTER MEDICAL CENTER OF SANTA ROSA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE GEORGE, as Administrator and Personal Representative of THE ESTATE OF RYAN GEORGE; VALERIE GEORGE and/or TAJMAH BEAUCHAMP, as Legal Representative(s) for Jaida George and Ryan George, Jr.; VALERIE GEORGE, Individually; DONALD GEORGE; and TAJMAH BEAUCHAMP, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>SONOMA COUNTY SHERIFF'S DEPARTMENT; BILL COGBILL; COUNTY OF SONOMA; CALIFORNIA FORENSIC MEDICAL GROUP, INC.; JAMES LUDERS, M.D.; MICHAEL E. DAGEY, R.N.; SUTTER HEALTH; SUTTER MEDICAL CENTER OF SANTA ROSA; EDWARD W. HARD, M.D.; RICHARD FLINDERS, M.D.; JOSEPH N. MATEL, M.D.; NORICK JANIAN, M.D.; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 3:08-cv-02675-EDL<br><br>**DEFENDANTS SUTTER HEALTH AND SUTTER MEDICAL CENTER OF SANTA ROSA'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF AND APPROVAL TO FILE A MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, IN EXCESS OF 25 PAGES IN LENGTH; DECLARATION OF LARRY THORNTON;** [PROPOSED] **ORDER** AS MODIFIED<br><br>Honorable Elizabeth D. Laporte |

///

///

///

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

DEFENDANTS SUTTER HEALTH and SUTTER MEDICAL CENTER OF SANTA ROSA (hereinafter collectively referred to as "SUTTER") are making a motion for summary judgment against plaintiffs' Third Amended Complaint, or alternatively summary adjudication. Plaintiffs allege nineteen causes of action against the defendants. Ten causes of action remain against SUTTER. The causes of action as alleged against SUTTER are: cruel and unusual punishment under 42 U.S.C. §1983, deprivation of life without due process under 42 U.S.C. §1983, deprivation of familial relationships under 42 U.S.C. §1983, medical malpractice, violation of California Health and Safety Code § 1317, abandonment/improper withdrawal of treatment, reckless or malicious neglect of dependent adult under California Welfare and Institutions Code § 15657, negligent infliction of emotional distress, wrongful death and negligent infliction of emotional distress (on behalf of family members). SUTTER moves for summary judgment as to all 10 causes of action alleged against it, or alternatively summary adjudication.

In order to properly support the motion for summary judgment on each cause of action against SUTTER, significantly more space is needed than the allowed 25 pages. Plaintiffs' causes of action are numerous, and make serious allegations of violations of federal and state statutes, including dependent adult abuse. The last day for the hearing for SUTTER's motion for summary judgment is June 15, 2010. SUTTER anticipates serving and filing the motion within the next two weeks. SUTTER hereby applies ex parte, pursuant to the Northern District Court's Local Rules, Rules 7-10 and 7-11, for administrative relief from the page limitation of 25 pages and requests that approval be granted to file a longer memorandum, not to exceed 70 pages in length.

Good cause exists to grant this ex parte application. The 10 causes of action against SUTTER include claims violations of constitutional rights, common law, state statutes, medical negligence, dependent adult abuse and emotional distress. The factual history relevant to this case is detailed, and since SUTTER has the burden of proof to show there is no genuine issue of material fact with respect to each of the 10 causes of action, the inclusion of this factual history in the motion is necessary. In addition, the three claims based on alleged violations of 42 U.S.C.

2

*Defendants Sutter Health and Sutter Medical Center of Santa Rosa's Ex Parte Application for Administrative Relief and for Approval to File a Memorandum in Support of Their Motion for Summary Judgment, or in the Alternative, Summary Adjudication, in Excess of 25 Pages in Length; Declaration of Larry Thornton; [Proposed] Order*

1  § 1983 require analysis of the issues of state actor (because SUTTER is a private hospital), deliberate indifference (the conduct plaintiffs must show to recover) and a policy of deliberate indifference (also required of plaintiffs to show in order to recover). The analysis of the state actor issue is complex and fact-intensive given the four tests articulated by the U.S. Supreme Court and the 9th Circuit Court of Appeal, the presence of countervailing factors and the points and case law addressing the crucial issue of whether a contract can establish a private entity as a state actor. Indeed, the state actor analysis alone is 20 pages in length, and this after editing. The issues of deliberate indifference and policy of deliberate indifference together require only 10 pages in SUTTER's motion.

As for the seven other causes of action against SUTTER, each is proved by different and multiple elements. Consequently, SUTTER must include in the motion various statutes and case law, as well as deposition testimony and expert declarations from numerous parties and witnesses, including plaintiffs.

SUTTER anticipates that the memorandum in support of its motion for summary judgment, or alternatively summary adjudication, will not exceed 70 pages, and that this amount of space is necessary to fully argue the issues raised in the Third Amended Complaint. SUTTER will not have the opportunity to provide the court with a full analysis of the issues subject to summary judgment or adjudication, including a complete analysis of the law and facts pertaining thereto, unless this application is granted.

Therefore, SUTTER respectfully requests that the court grant this application and allow SUTTER to file a memorandum of points and authorities in support of its motion for summary judgment, or alternatively, summary adjudication not to exceed 70 pages in length.

DATED: March 4, 2010    LA FOLLETTE, JOHNSON,
                         DE HAAS, FESLER & AMES


                         By: /S/ LARRY THORNTON
                             LARRY THORNTON
                             Attorneys for Defendants,
                             SUTTER HEALTH and SUTTER
                             MEDICAL CENTER OF SANTA ROSA

3

* * * * *

**DECLARATION OF LARRY THORNTON IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF TO FILE A MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY SUMMARY ADJUDICATION, IN EXCESS OF 25 PAGES IN LENGTH**

I, Larry Thornton, declare as follows:

1. I am an attorney at law, duly licensed to practice before all of the courts of the State of California, and am an associate with the law firm LaFollette, Johnson, DeHaas, Fesler & Ames, attorneys of record for defendants SUTTER HEALTH and SUTTER MEDICAL CENTER OF SANTA ROSA (hereinafter collectively referred to as "SUTTER"). I am personally familiar with the matters contained in this declaration, and if called upon to testify, I could and would competently do so.

2. I am preparing a motion for summary judgment, or alternatively summary adjudication, in this matter. In addressing the issues which are the subject of the motion, I am unable to fully and properly discuss the factual history and legal arguments to the Court in support of this motion within the required 25 pages. There are ten remaining causes of action in the Third Amended Complaint which are alleged against SUTTER. The motion will address all ten causes of action, and consequently requires a detailed factual showing of the care and treatment provided to Mr. George while under the care of SUTTER. The motion also requires an analysis of the distinct and separate facts and law associated with each cause of action, and includes an analysis of constitutional law on the issue of a private party as state actors.

3. I anticipate that the memorandum of points and authorities in support of defendants' motion for summary judgment will not exceed 70 pages in length, and that I will be able to adequately set forth defendants' arguments in that space.

4. The last day to hear dispositive motions pursuant to the Court's pretrial scheduling order is June 15, 2010. I plan to complete the motion and have it filed and served on all parties within the next two weeks. This ex parte application for administrative relief is being filed on March 4, 2010 and is therefore timely, pursuant to the Local Rules, Rules 7-10 and 7-11.

4

5. I met and conferred with plaintiffs' counsel on March 3, 2010, to obtain a stipulation to exceed the 25-page limit for the memorandum of points and authorities. Plaintiffs' counsel was willing to stipulate to 10 additional pages. However, citing the amount of paper, the number of co-defendants who may seek similar relief, judicial economy and his belief that 10 additional pages was sufficient to support our motion, counsel was not willing to stipulate to more pages.

6. Because SUTTER will not have an adequate opportunity to fully present the authority and analysis in support of its motion for summary judgment, or alternatively summary adjudication, in the required 25 pages, or in the 10 additional pages to which plaintiffs' counsel was willing to stipulate, relief via this ex parte application is required.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and within my personal knowledge and, if called to testify, I could do so competently.

Executed this 4th day of March, 2010 at Sacramento, California.

/S/ LARRY THORNTON
LARRY THORNTON

* * * * *

[PROPOSED] ORDER

GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that defendants SUTTER HEALTH and SUTTER MEDICAL CENTER OF SANTA ROSA be allowed to file a memorandum of points and authorities in support of their motion for summary judgment, or alternatively, summary adjudication not exceeding 55 [~~70~~] pages in length.

Dated: March 5, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

5