IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE GEORGE, et al., | No. C-08-02675 EDL |
| Plaintiffs, | **ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |
| v. | |
| SONOMA COUNTY SHERIFF'S DEPT., et al., | |
| Defendants. | |

On July 27, 2010, Defendants Richard Flinders and Joseph Matel filed a Motion for Determination of Good Faith Settlement, seeking a judicial determination that their settlement with Plaintiffs is in good faith within the meaning of California Code of Civil Procedure section 877.6 and Tech-Bilt, Inc. v. Woodward-Clyde & Assoc., 38 Cal.3d 488 (Cal.1985). All other parties filed statements of non-opposition to the Motion. See Docket Nos. 344, 345, 346, 347, 351. Because this matter is appropriate for decision without oral argument, the Court vacated the August 11, 2010 hearing. For the reasons stated herein, the Motion for Determination of Good Faith Settlement is granted.

California Code of Civil Procedure Section 877.6 states, in pertinent part:

(a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, upon giving notice in the manner provided in subdivision (b) of Section 1005. . . .

(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

The California Supreme Court articulated a liberal standard for determining good faith, requiring only that "a defendant's settlement figure must not be so grossly disproportionate to what a reasonable person, at the time of settlement, would estimate the settling defendant's liability to be." Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal.3d 488, 499 (1985). "Any settlement that is not 'out of the ballpark' will pass muster." Id. Although there is no precise formula, courts look to a variety of factors to determine the reasonableness of the settlement, including:

(1) a rough approximation of the plaintiff's probable total recoveries;

(2) a rough approximation of the settling defendant's proportional liability;

(3) the amount paid in settlement;

(4) the recognition that less is paid in settlement than should be awarded at trial;

(5) the financial condition of the settling defendant;

(6) the insurance policy limits of the settling defendant; and

(7) the existence of collusion, fraud or tortious misconduct intended to injure the interests of the other defendants.

Id. at 499. As described below, the Tech-Bilt factors weigh in favor of finding that the settlement was made in good faith. Moreover, no other party in this action has come forward with evidence that the settlement is not in good faith.

First, the settlement reflects a rough approximation of Plaintiffs' probable total recoveries. Settling Defendants argue that there are limited special damages in this case because the estate did not pay any of Ryan's medical bills from July 2007 and there is no competent evidence that Ryan earned substantial wages. Settling Defendants' economist, Mark Cohen, opines that based on Ryan's available employment records, Ryan had no documented employment or earnings prior to his death. See Storey Decl. Ex. H at 2. Mr. Cohen states that the recidivist rates for Ryan's crimes make it likely that Ryan's foreseeable future would have included high probabilities of returning to prison, unemployment and relatively low wages when working. Id. at 3. He concluded that Ryan's future prospects for employment and income were limited. Id. Ryan contributed more than $500, but maybe less than $1000, in child support for the January to July 2007 time frame. Id. at 4. Mr. Cohen opined that expectations for support would be minimal. Id.

2

1    Further, Settling Defendants note that general damages for medical negligence and
2 wrongful death are limited by the Medical Injury Compensation Reform Act (MICRA) to $250,000,
3 no matter how many plaintiffs and defendants are involved. See Civil Code § 3333.2; Gilman v.
4 Venerly California Corp., 231 Cal.App.3d 121, 128-29 (1991) ("Under MICRA, where more than
5 one health care provider jointly contributes to a single injury, the maximum a plaintiff may recover
6 for noneconomic damages is $250,000. . . . a plaintiff cannot recover more than $250,000 in
7 noneconomic damages from all health care providers for one injury."). Thus, according to Settling
8 Defendants, Plaintiffs' general damages are limited to $250,000, and, at least based on Ryan's
9 employment and criminal history, Plaintiffs would not be entitled to large special damages. The
10 settlement amount of $500,000 reflects a rough approximation of the probable total recovery.

11    Second, Settling Defendants argue that their proportionate share of the liability is met by
12 the settlement. They have provided expert reports stating that the physicians met the standard of
13 care and did not cause Ryan's death. See Storey Decl. Ex. F; Ex. G. Settling Defendants concede
14 that the potential damages could exceed the settlement when factoring in the claims for deliberate
15 indifference and dependent adult abuse, claims which Settling Defendants believe lack merit.
16 However, given this evidence, the settlement is a rough approximation of Settling Defendants'
17 proportional liability.

18    Third, the Court recognizes the policy that a settling defendant should pay less in
19 settlement than could be awarded at trial. Fourth, Settling Defendants financial condition and
20 insurance policy limits are essentially neutral factors in this case where Settling Defendants appear
21 to be solvent.

22    Fifth, Settling Defendants argue that there is no evidence of collusion, fraud or tortious
23 conduct aimed at making non-settling parties pay more than their fair share. Settling Defendants
24 and Plaintiffs participated in a lengthy arm's-length mediation with a private mediator that resulted
25 in this settlement. No other Defendant has opposed the settlement or raised any issues of collusion,
26 fraud or tortious conduct.

27 //
28 //

On balance, the <u>Tech-Bilt</u> factors reveal that this settlement is not "out of the ballpark." Therefore, Settling Defendants' Motion for Determination of Good Faith Settlement is granted.

**IT IS SO ORDERED.**

Dated: August 10, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge