IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE GEORGE, et al., | No. C-08-02675 EDL |
| Plaintiffs, | **ORDER REGARDING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND THE SUTTER DEFENDANTS' EX PARTE APPLICATION TO SUPPLEMENT THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE** |
| v. | |
| SONOMA COUNTY SHERIFF'S DEPT., et al., | |
| Defendants. | |

Plaintiffs have filed a Motion for Leave to File a Motion for Reconsideration of the Court's August 9, 2010 Order granting the Sutter Defendants' motion for summary adjudication on the claims brought under 42 U.S.C. § 1983. Civil Local Rule 7-9 governs motions for reconsideration, and requires that in a motion for leave to file a motion for reconsideration, the moving party must specifically show:

> (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Pursuant to the Court's August 26, 2010 Order, the Sutter Defendants filed a response. On September 1, 2010, Plaintiffs filed a reply to the motion for leave to file a motion for reconsideration. Plaintiffs' reply was neither authorized by Local Rule 7-9 nor ordered by the Court. Nevertheless, in the interest of justice, the Court will consider Plaintiffs' reply.

On September 10, 2010, the Sutter Defendants filed an ex parte motion for approval to supplement their opposition to Plaintiffs' Motion for Leave to File a Motion for Reconsideration

with a discharge policy that they discovered on September 9, 2010. The Court construes the Sutter Defendants' ex parte motion as a motion for administrative relief under Civil Local Rule 7-11 because no statute, Federal Rule, Local Rule of Standing Order appears to authorize the ex parte motion. See Civil L.R. 7-10. On September 16, 2010, Plaintiffs filed an opposition to the Sutter Defendants' ex parte application. On September 20, 2010, the Sutter Defendants filed a reply to Plaintiffs' opposition. Although the Sutter Defendants' reply was neither authorized by Local Rule 7-10 nor ordered by the Court, in the interest of justice, the Court will consider the Sutter Defendants' reply.

**Sutter Defendants' Ex Parte Application**

Because the Sutter Defendants' ex parte application affects the scope of the record for Plaintiffs' Motion for Leave to File Motion for Reconsideration, the Court addresses it first. The Sutter Defendants seek to supplement the opposition to Plaintiffs' Motion for Leave to File Motion for Reconsideration with the Discharge Policy that the Sutter Defendants claim to have only recently discovered. Plaintiffs argue that the ex parte application should be denied because: (1) the Sutter Defendants failed to disclose the policy during discovery and should therefore be barred from doing so now; (2) the Sutter Defendants' failure to disclose the policy was neither substantially justified or harmless; (3) the policy has not been authenticated; and (4) the Sutter Defendants' arguments for the admission of the policy are not persuasive. Because the Court agrees that the failure to disclose the discharge policy was not substantially justified or harmless, the Court need not reach Plaintiffs' other grounds in opposition.

The Discharge Policy, which has a Revision Date of February 1999 and Approval Dates in October 2004, was directly responsive to Plaintiffs' Request for Production 16, which was served in April 2009:

> All manuals, memos, correspondence, policies, and other documents related to procedures, policies, or standards for (i) the discharge of patients in general; (ii) the discharge of inmates; (iii) the discharge of patients who are incapacitated or unable to communicate; and (iv) the discharge of patients without family members.

Wittels Decl. Ex. A at 11-12. The Sutter Defendants have provided no explanation for why the Discharge Policy was not produced in response to Request 16, except to argue, unpersuasively, that they produced the Discharge Policy as soon as they located it. Further, the Sutter Defendants

2

incredibly argue that they believed that the policy entitled "Police Custody, Patients In," was the "totality of the documents to produce" in response to Plaintiffs' Requests for Production. That argument is not well-taken; the Court concludes that the Sutter Defendants did not conduct a reasonable search for documents responsive to Request 16. Further, although the Sutter Defendants argue that to exclude the Discharge Policy would undermine the goal of Federal Rule of Civil Procedure 26, which requires parties to continually update their disclosures, Rule 26 should not be used as a shield to protect against the consequences of not providing adequate discovery in the first place. Finally, the Court is not persuaded by the Sutter Defendants' argument that their failure to produce the Discharge Policy was justified because Plaintiffs produced discovery after the cutoff date.

Moreover, the failure to produce the Discharge Policy was not harmless. Plaintiffs have been prejudiced in that they briefed and argued on summary judgment that the lack of policies constituted a municipal violation under Monell when in reality, there was a relevant discharge policy that had not been produced.

The Court finds that the late production of the Discharge Policy was not substantially justified or harmless. Therefore, the Sutter Defendants' ex parte application is denied. However, because it is desirable to decide matters on the merits, the Court will permit the Sutter Defendants to introduce the newly-discovered Discharge Policy at trial, if applicable, as proposed by Plaintiffs. In addition, Plaintiffs have leave to conduct expert discovery regarding the new Discharge Policy.

**Plaintiffs' Motion for Reconsideration**

Plaintiffs seek reconsideration on three grounds: (1) that binding authority states that a lack of an affirmative discharge policy can establish municipal liability under Monell v. Department of Social Servs., 436 U.S. 658, 690 (1978); (2) that the discharge policy and other policies show a triable issue of fact that the Sutter Defendants are liable under § 1983; and (3) that contrary to the Court's reasoning, Ryan was eligible for transfer to Kaiser.

As to the first ground, Plaintiffs argue that the Ninth Circuit has ruled that a lack of policies can support a Monell claim for deliberate indifference. See Long v. City of Long Beach, 442 F.3d 1178, 1189 (9th Cir. 2006) ("This court consistently has found that a county's lack of affirmative

policies or procedures to guide employees can amount to deliberate indifference, even when the county has other general policies in place."). In the August 9, 2010 Order, the Court stated:

> Accordingly, even though there is a triable issue of fact regarding violations of constitutional rights by the Sutter Defendants, they can only be liable under § 1983 if Plaintiffs raise a triable issue of fact that the violations occurred as a result of a policy, decision, or custom promulgated or endorsed by the private entity. Plaintiffs have not done so. . . . Plaintiffs argue that the Sutter Defendants lack numerous policies that Plaintiffs believe should be in place, such as policies for selection of hospital personnel and handling EEGs, and relevant training manuals, but cite no authority where such a purported lack of policies satisfied Monell.

See Aug. 9, 2010 Order at 22. Although Plaintiffs cited Long on another point in a footnote in opposition to the Sutter Defendants' motion for summary judgment, Plaintiffs did not do so for the proposition that a lack of policies can amount to deliberate indifference. Therefore, Plaintiffs's argument that their citation of Long in a brief in November 2008 was sufficient to raise it in connection with summary judgment in August 2010 is not well-taken. However, the Court does not wish to ignore Ninth Circuit precedent now that Plaintiffs have belatedly brought it to the Court's attention, and agrees that the Sutter Defendants could be liable based on a lack of policies. Still, the legal issue of whether the absence of policies can constitute deliberate indifference is moot given that there is a discharge policy that the Court will permit the Sutter Defendants to present at trial. The Court will allow Plaintiffs' § 1983 claim to go forward at trial with respect to the adequacy of Sutter's discharge policy, along with the other relevant evidence. Plaintiffs have not provided a basis under Local Rule 7-9 for reconsideration on the ground that Ryan was eligible for transfer to Kaiser.

**IT IS SO ORDERED.**

Dated: October 18, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

4