IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE GEORGE, et al., | No. C-08-02675 EDL |
| Plaintiffs, | **ORDER FOLLOWING PRETRIAL CONFERENCE** |
| v. | |
| SONOMA COUNTY SHERIFF'S DEPT., et al., | |
| Defendants. | |

On January 13, 2011, the Court held a pretrial conference in this case. For the reasons stated at the conference and in this Order, the Court orders as follows.

1. Trial in this case will begin on February 7, 2011 at 9:00 a.m. Counsel shall report to the courtroom no later than 8:30 a.m.

2. The parties shall meet and confer regarding a percentage division between them of trial time for presentation of evidence. The parties shall inform the Court of their agreement no later than January 19, 2011.

3. The parties shall meet and confer to refine the jury questionnaire. Defendants shall provide a proposed jury questionnaire to Plaintiffs no later than January 19, 2011, and the parties shall file a jointly proposed questionnaire with the Court no later than January 24, 2011 at noon.

4. Unless Defendants withdraw their request that the verdict form ask the jury to make a special finding on the allocation of a percentage of fault to Dr. Matel, the parties shall file briefs supporting their positions on this issue no later than January 24, 2011.

5. Dr. Janian filed a motion to bifurcate the trial, which the Sutter Defendants joined. The question of whether to bifurcate a trial is a matter committed to this Court's discretion. See, e.g., Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001). Federal Rule of Civil Procedure

1  42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may
2  order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-
3  party claims.  When ordering a separate trial, the court must preserve any federal right to a jury
4  trial."  When deciding whether to bifurcate, courts consider: (1) whether separate trials would be in
5  furtherance of convenience; (2) whether separate trials would avoid prejudice; (3) whether separate
6  trials would serve judicial economy; (4) whether separate trials would reduce the risk of jury
7  confusion; and (5) whether the issues are clearly separable.  See William W. Schwarzer, Civil
8  Procedure Before Trial, § 16:160.4 (The Rutter Group 2005).  Here, Defendants have not made a
9  showing sufficient to warrant a separate trial on punitive damages.  Bifurcation here would not
10 expedite or economize this case.  Further, a separate trial would cause uncertainty as to the length of
11 the trial, which would inconvenience the jurors in this case.  Therefore, the motion to bifurcate is
12 denied.
13 6.   Plaintiffs' motion in limine to modify the caption of verdict sheet to exclude references to
14 former Defendants is granted as follows.  The parties agree that the caption of the verdict form
15 should not contain the names of the former Defendants.  Further, the verdict form shall not refer to
16 any parties as former Defendants or to settlements by those Defendants.  However, evidence of the
17 role of the former Defendants shall not be excluded during trial.
18 7.   Plaintiffs' motion in limine to exclude evidence of Ryan George's criminal history and prior
19 bad acts is granted in part and denied in part.  As stated at the pretrial conference, the motion is
20 granted as to the booking photographs, and as to the nature of the criminal offenses other than
21 domestic violence offenses, restraining orders or orders regarding child support.  The parties shall
22 propose a stipulation regarding the times that Ryan George was in jail for the various offenses.
23 Further, the parties shall meet and confer and jointly propose a limiting instruction for the Court to
24 read to the jury informing jurors that information about Ryan George's criminal history and prior
25 bad acts are relevant solely to damages, not liability.  The stipulation and limiting instruction shall
26 be filed no later than January 24, 2011.  Defendants are admonished not to dwell on Ryan George's
27 criminal history regarding domestic violence or his child support at trial.
28 8.   Plaintiffs' motion in limine to exclude  testimony from Mark Cohen is granted as unopposed.

9. Plaintiffs' motion in limine to strike Defendants' supplemental disclosures of witnesses Jason Freeman and Tom Bindert is granted. Defendants failed to timely disclose these witnesses. See Fed. R. Civ. P. 37(c)(1). Further, Defendants' late disclosures were deficient because Defendants failed to provide the addresses and telephone numbers of the witnesses and subjects of testimony as required by Federal Rule of Civil Procedure 26(a)(1)(A)(i). Defendants have failed to meet their burden of showing that the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); Yeti by Molly Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

10. Defendants' objection to Plaintiffs' exhibit 1 is granted in part and denied in part based on Federal Rule of Evidence 403. Plaintiffs may choose one autopsy photograph to submit as exhibit 1, if and only if the chosen photograph shows Ryan George's intact body and does not show his genitalia. Defendants' objection to Plaintiffs' exhibit 5 is granted pursuant to Federal Rule of Evidence 403. Defendants' objection to Plaintiffs' exhibit 11 is granted without prejudice based on Federal Rule of Civil Procedure 403.

11. Plaintiffs' objections to Defendants' exhibits E and O are moot. The parties agreed to substitute clean copies of the documents. Plaintiffs' objections to Defendants' exhibit G are sustained. Plaintiffs' objection to Defendants' exhibit K is moot because Defendants withdrew that exhibit. Plaintiffs' objection to Defendants' exhibit R is sustained. Plaintiffs' objection to Defendants' exhibits HH, JJ, KK, LL, MM, NN, OO are granted in part and denied in part as described in relation to Plaintiffs' motion in limine to exclude evidence of Ryan George's criminal history and prior bad acts.

12. No later than January 24, 2011, the parties shall provide the Court with a joint proposal for a subset of the substantive jury instructions to be given to the jury at the beginning of the trial.

**IT IS SO ORDERED.**

Dated: January 19, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3