United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE GEORGE, et al., | No. C-08-02675 EDL |
| Plaintiffs, | **ORDER RE: PARTIES' STIPULATIONS REGARDING JURY INSTRUCTIONS (DOCKET NO. 549)** |
| v. | |
| SONOMA COUNTY SHERIFF'S DEPT., et al., | |
| Defendants. | |

On February 4, 2011, the parties filed a document entitled "Parties' Stipulations Regarding Jury Instructions." The parties have stipulated to modify two jury instructions ("Section 1983 Claim Based on Official Policy, Practice or Custom - Elements and Burden of Proof" and "Neglect - Essential Factual Elements"). Good cause appearing, the Court will give those two instructions as stipulated by the parties.

The parties have disputes as to two other instructions ("Reliance on Good Conduct of Others" and "Ostensible Agent"). With regard to the "Reliance on Good Conduct of Others" instruction, Plaintiffs argue that the instruction applies only when a person exercises ordinary care. See Comment to CACI 411 ("However, this rule does not extend to a person who is not exercising ordinary care, nor to one who knows or, by the exercise of such care, would know that the law is not being observed." (Malone v. Perryman (1964) 226 Cal.App.2d 227, 234 [37 Cal.Rptr. 864].).");  Malone, 226 Cal.App.2d at 233-34 ("In substance, by the proposed instruction, the jury would have been told that, by virtue of Section 21804 of the Vehicle Code, the decedent had the right-of-way at the time of and immediately preceding the subject accident unless 'the defendants' used reasonable

care and complied 'with all of the applicable rules and regulations governing the design, operation and maintenance of signalling devices, guard or flagman.' Such an instruction was pertinent to the issue of contributory negligence only because of the rule which authorizes a person to assume that another will not violate the law and to act accordingly. However, this rule does not extend to a person who is not exercising ordinary care, nor to one who knows or, by the exercise of such care, would know that the law is not being observed.") (internal citation omitted).  Defendants argue that they are entitled to rely on the reasonable conduct of third parties who owe a duty of care to the plaintiff.  See Tucker v. Lombardo, 47 Cal.2d 457, 467 (1956).  But in Tucker, the court appears to also require that the person exercise ordinary care: "But every person who is exercising ordinary care 'has a right to presume that every other person will perform his duty and obey the law.'" Id. (internal citation omitted).  Thus, the Court will modify the "Reliance on Good Conduct of Others" instruction as proposed by Plaintiffs.  Therefore, the instruction shall read: "Every person who is exercising ordinary care has a right to expect that every other person will use reasonable care, unless he or she knows, or should know, that the other person will not use reasonable care."

With regard to the "Ostensible Agent - Definition" instruction, Defendants argue that Plaintiffs' reliance is not relevant to the question of ostensible agency.  The jury instructions pertaining to agency, including ostensible agency, have been the subject of extensive briefing.  The Court has considered all of the arguments raised by the parties, and concludes that the instruction regarding ostensible agency will not be modified as proposed by Defendants.  Thus, the instruction will read: "Dr. Flinders was Sutter's ostensible agent if Plaintiffs prove conduct by Sutter that would cause a reasonable person to believe that Dr. Flinders was an agent of the hospital, unless Plaintiffs had some reason to know that Dr. Flinders was not Sutter's agent."

**IT IS SO ORDERED.**

Dated: February 11, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

2